IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AMBER YBARRA                                                                           PETITIONER

v.                                    Case No. 4:23-cv-04055

STATE OF ARKANSAS                                                                    RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. This Petition was filed by Amber Ybarra ("Ybarra") on May 17, 2023. ECF No. 1. No response has been filed and no service has been ordered. This Petition has been referred to the undersigned and is now ripe for consideration.

Ybarra's claims in the instant Petition relate to her being held in custody in Little River County Arkansas. According to the state court docket in Little River County, Ybarra is the defendant in an ongoing state court criminal case.[1] According to her Petition she is charged with interfering with a 911 call, resisting arrest, and battery in the second degree. Indeed, approximately two weeks ago, on May 4, 2023, the Amended Criminal Information was filed. She claims there has been no trial. Further, there is a separate proceeding in an ongoing state court matter regarding a restraining order.[2] For relief in the instant Petition, Ybarra seeks to have the restraining order removed, the battery charge dismissed, and to be awarded possession of a residence.

---

[1] The docket in Ybarra's state court case is accessible through the Administrative Office of the Courts Public CourtConnect Website at AOC CourtConnect (arcourts.gov). Ybarra's case number is 41CR-23-21: *State v. Amber Ybarra* (Little River County).

[2] Ybarra also has a separate case for an order of protection that closed on March 21, 2023. This is a separate action from her criminal action. *See Veda Jefferies v. Amber Ybarra,* 41CR-23-27. To the extent Ybarra is complaining about that action, 28 U.S.C. § 2254 is unapplicable because she is not "in custody pursuant to the judgment of a State court."

1

Ybarra filed this Petition pursuant to 28 U.S.C. § 2254.  Under the plain language of 28 U.S.C. § 2254(b), this Petition cannot be granted "unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  Under the clear terms of Subsection A, this Petition cannot be considered until Ybarra has exhausted her state court remedies.  Additionally, pursuant to Subsection B, there has been no demonstration or claim that there are no State court processes which could be used by Ybarra to obtain relief for the claims she makes here.  Accordingly, because such a Petition is not ripe for consideration by this Court, it is recommended this Petition under 28 U.S.C. § 2254 be **DENIED** without prejudice.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court**.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

DATED this 22nd day of May 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE